# SEALED

FILED BY _____ D.C.

MAR 20 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**United States District Court**
**Southern District of Florida**
**Miami Division**

|  |  |
|---|---|
| United States of America ex rel. GNGH2 Inc., | ) ) ) |
| Plaintiff-Relator, | ) |
| v. | ) ) |
| ON-RITE COMPANY INC. | ) ) |
| Defendant. | ) ) ) |

Civil Action:_____

**FILED UNDER SEAL**
**31 U.S.C. §§ 3730(b)(2) and (3)**

## Complaint Under the False Claims Act

1.      Qui tam Plaintiff-Relator GNGH2 Inc., through its attorney, brings this Complaint on behalf of the United States, and on its own behalf, pursuant to the Federal False Claims Act, 31 U.S.C. § 3730 to recover damages and civil penalties on behalf of the United States of America arising from Defendant having fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility. As set forth below, second-draw PPP funding is barred to entities which are owned by companies out of the Peoples' Republic of China, also known as Mainland China.

**I.      Parties, Jurisdiction, and Venue**

2.      Defendant ON-RITE COMPANY INC. is a Florida business corporation with a principal place of business in Fort Lauderdale, Florida.

3.      The Relator, GNGH2 Inc. is a New Jersey corporation with a principal office in the State of New Jersey, County of Bergen.

4.      This matter will be filed under seal pursuant to 31 U.S.C. § 3730(b) and at or about the same time, a copy of the Complaint, any Sealing Order, and Relator's disclosure of evidence will

1

be served on the Department of Justice and the United States Attorney for the District in which this matter has been filed.

5.    This Court has jurisdiction pursuant to 31 U.S.C. § 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business. In this case, Defendant maintains its principal office at 5200 NW 33rd Ave Suite 100, Fort Lauderdale, Florida, 33309.

6.    Venue is proper in this district under 31 U.S.C. § 3732(a) and 28 U.S.C. 1391(b) and (c) because at all times relevant to this Complaint, Defendant regularly conducted substantial business within this district.

**II.    Background**

7.    Throughout most of 2020 and continuing into 2021, the United States faced the Coronavirus Epidemic, a large-scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19," (the "Coronavirus Epidemic").

8.    In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9.    All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10.    The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

11.    The CARES Act was subsequently amended to provide for a second round of disaster funding. Significantly, an applicant is ineligible for such funding if is directed or owned out of the Peoples' Republic of China.

12.     The Defendant in this matter is an importer and distributor of wigs.

13.     Defendant received second-draw PPP relief as follows:

| Date | Loan Number | Amount | Forgiven |
|------|-------------|--------|----------|
| 3/23/2021 | 6278618608 | $802,802 | 11/26/2021 |

14.     Thus, on or about March 23, 2021, Defendant completed Form 2483-SD which required

it to certify as follows:

> The Applicant is not a business concern or entity (a) for which an entity created in or
> organized under the laws of the People's Republic of China or the Special Administrative
> Region of Hong Kong, or that has significant operations in the People's Republic of
> China or the Special Administrative Region of Hong Kong, owns or holds, directly or
> indirectly, not less than 20 percent of the economic interest of the business concern or
> entity, including as equity shares or a capital or profit interest in a limited liability
> company or partnership; or (b) that retains, as a member of the board of directors of the
> business concern, a person who is a resident of the People's Republic of China

15.     This certification was materially false when made, as set forth below.

16.     At all times relevant to this matter, the Defendant was ultimately owned 100% by a PRC

entity known as Hiking Group. Moreover, this information is available on the website of the

Defendant's corporate owner.

17.     Thus, Defendant made a fraudulent representation when they completed form 2483-SD

since they are owned more than 20% by entities out of Mainland China.

18.     As a result of these material statements, the Defendant received (and the United States

paid) substantial funds to which Defendant would not otherwise have been entitled.

**III.    Count I: Violation of the False Claims Act**

19.     The False Claims Act imposes liability on a person or entity who " knowingly makes,

uses, or causes to be made or used, a false record or statement material to a false or fraudulent

claim." 31 U.S.C. § 3729(a)(1)(B)

20.     This includes false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

21.     Thus, the Defendant's certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

## VII.   Relief Sought

22.     On behalf of the government, Relator is seeking judgment for triple damages and civil penalties set forth in 31 U.S.C. § 3729.

23.     Defendant received (and the United States paid) $802,802 in disaster relief as a result of the certification set forth above.

24.     Additionally, the United States paid approximately $24,804 in processing fees and $5,234 in interest in respect of the disaster relief at issue.

25.     Accordingly, Relator seeks judgment in the amount of $2,498,520 against the Defendant and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

*/s/Jonathan Kroner*
Jonathan Kroner
FBN 328677
Attorney for Relator GNGH2 Inc.
Jonathan Kroner Law Office
6001 N. Ocean Dr., Suite 806
Hollywood FL 33019
305.310.6046
JK@floridafalseclaim.com

4